**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AMIT KUMAR,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　　　Respondent. | No. 13-72258<br><br>Agency No. A089-318-644<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2016[**]
San Francisco, California

Before: SILVERMAN, FISHER, and TALLMAN, Circuit Judges.

Amit Kumar, a native and citizen of India, petitions for review of a decision

by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ)

denial of his applications for asylum, withholding of removal, and protection under

---

[*]	This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]	The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

**1.** The IJ's adverse credibility determination, which was affirmed by the BIA, is supported by substantial evidence. Both the IJ and the BIA reasonably considered that Kumar's asylum claim inconsistently changed over time from religious persecution to political persecution. *See Valderrama v. I.N.S.*, 260 F.3d 1083, 1085 (9th Cir. 2001) (per curiam) (substantial evidence supported BIA's adverse credibility finding when material differences existed in petitioner's first two asylum applications); *de Leon-Barrios v. I.N.S.*, 116 F.3d 391, 393 (9th Cir. 1997) (similar). In addition, the IJ and BIA noted that the timing of Kumar's arrests undermined his political opinion claim. *See Mahli v. I.N.S.*, 336 F.3d 989, 993 (9th Cir. 2003) (discrepancies in "critical" parts of petitioner's story substantially supported adverse credibility finding). Specifically, Kumar testified that charges were filed against him in 2005 in retaliation for his lack of support in a 2007 election.

We also give deference to the IJ's finding that Kumar's testimony was confusing, contradictory, and vague in regards to the circumstances surrounding his political opinion claim. *See Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) ("The deference that the REAL ID Act requires makes sense because IJs are

2

in the best position to assess demeanor and other credibility cues that we cannot readily access on review."). Kumar testified inconsistently about his involvement in the Congress Party, and stated that "it just didn't strike [him]" to mention anything in his asylum applications about his political party or the election that led to his alleged persecution. *See Kin v. Holder*, 595 F.3d 1050, 1056–57 (9th Cir. 2010) (substantial evidence supported adverse credibility determination where petitioners omitted a political demonstration from asylum application); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1182–83 (9th Cir. 2008) (holding that omission of political activism was not a "mere . . . detail[]" when it went to the heart of petitioner's claim) (alterations in original) (quoting *Singh v. Gonzales*, 403 F.3d 1081, 1085 (9th Cir. 2005)). Finally, the corroborating evidence that Kumar submitted further undermines his credibility. To illustrate, the documents Kumar submitted surrounding his Indian arrests do not spell his name correctly, and the affidavits submitted by his family members make absolutely no mention of political forces at work.

On the totality of this record, we cannot conclude that Kumar's statements and testimony compel the conclusion that he was credible. In the absence of credible testimony, the agency properly denied Kumar's asylum and withholding of removal claims. *See Jin v. Holder*, 748 F.3d 959, 967 (9th Cir. 2014).

3

**2.** Substantial evidence supports the agency's determination that Kumar failed to establish that he was subject to government-sponsored persecution or that it would be unreasonable for him to relocate within India to avoid future harm. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004) ("Where, as here, the applicant has not established past persecution, the applicant bears the burden of establishing that it would be either unsafe or unreasonable for him to relocate, unless the persecution is by a government or is government-sponsored.").

**3.** The record does not compel the conclusion that "it is more likely than not" Kumar will be tortured if he returns to India. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008) ("[Petitioner] is entitled to relief under CAT if he establishes that he would more likely than not be tortured in [his home country].").

The Petition for Review is **DENIED.**